UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANTIAGO ALVA CARRILLO,

Petitioner,

v. Case No.: 2:26-cv-02876-SPC-KRH

WARDEN, FLORIDA SOFT SIDE SOUTH *et al*,

Respondents,
_____________________________________/

**OPINION AND ORDER**

Before the Court are petitioner Santiago Alva Carrillo's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Alva Carrillo is a native of Guatemala who entered the United States without inspection—the record does not reflect when. Immigration and Customs Enforcement (ICE) arrested him on August 5, 2026, and commenced removal proceedings. An immigration judge granted Alva Carrillo voluntary departure on September 21, 2026, and Alva Carrillo waived appeal. Alva Carrillo did not depart the country before the October 21, 2026 deadline, so the voluntary departure order became an administratively final removal order. *See* 8 C.F.R. § 1241.1(f).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).

The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Here, the 6-month period commenced when the removal order became administratively final on October 22, 2026. Thus, Alva Carrillo's detention is presumptively reasonable.

Accordingly, it is hereby

**ORDERED:**

Santiago Alva Carrillo's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on November 9, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record